

# EXHIBIT A

COMMONWEALTH OF MASSACHUSETTS

ESSEX, S.S.                                          SUPERIOR COURT
                                                    CIVIL ACTION NO.:

_____
                                        )
JAMES VASALOFSKY                        )
                                        )
                                        )
                                        )
            Plaintiff                   )
v.                                      )
                                        )
JOHNSON CONTROLS, INC.                  )
                                        )
                                        )
            Defendant.                  )
_____)

## COMPLAINT & JURY DEMAND

This Complaint seeks the recovery of Plaintiff's unpaid wages arising from the Defendant's failure to pay prevailing wage rates in violation of M.G.L. c. 149 §§26-27.

## INTRODUCTION

Plaintiff is a present employee of Johnson Controls, Inc., a Wisconsin Corporation doing business throughout Massachusetts with primary offices in Lynnfield, Massachusetts. Plaintiff seeks damages for unpaid wages earned on Massachusetts public works sites beginning more than six years ago. Plaintiff was hired by the Defendant in 2011. Plaintiff performed HVAC technician services as an employee of the Defendant from 2011 to present date at prevailing wage sites including, but not limited to, UMASS Amherst, Springfield Community College, and Greenfield Community College. Plaintiff is a non-union employee. For all hours worked on these various prevailing wage projects between 2011 and present date, Plaintiff was paid at various rates ranging from $39.50 to $46.63. The state prevailing wage rate for the labor the Plaintiff provided at these various prevailing wage sites ranged from $64.56 to $72.31, perhaps more. Plaintiff was rarely, if

ever, paid these prevailing wage rates.  Defendant failed to pay the Plaintiff more than **$130,000.00** in prevailing wages during this period.

## PARTIES

1.      James Vasalofsky is a resident of Massachusetts, domiciled at 49 High St, South Barre, County of Worcester, Commonwealth of Massachusetts.

2.      Johnson Controls, Inc. is a Wisconsin Corporation doing business throughout Massachusetts with primary Massachusetts offices located in Lynnfield, Massachusetts, County of Essex, at 39 Salem Street and a principal place of business at 5757 N. Green Bay Ave., Milwaukee, WI.  Its Resident Agent is C T Corporation System, 301 S. Bedford St. Suite 1, Madison, WI, 53703.

## FACTS COMMON TO ALL COUNTS

3.      Plaintiff James Vasalofsky ("Mr. Vasalofsky") began working for the Defendant in November of 2011.

4.      Plaintiff was hired by the Defendant as an HVAC Technician.

5.      At the time of his hire, Defendant described Plaintiff's role as an HVAC Technician to involve the following duties:

> "Perform HVAC Control systems programming, troubleshooting, installation, commissioning, and preventative maintenance as it is related to mechanical, electrical, and low voltage controls components. Respond to service and warranty calls using Johnson Controls configuration and commissioning tools as well as a variety of hand tools including electrical testing meters and other electronic testing equipment. Provide front line technical and repair support through effective communications with Johnson Controls customers. Provide system repair and or update recommendations and assist in proposing of recommendations to Johnson Controls customers."

6.      At the time of his hire, Defendant indicated that Plaintiff would, in relevant part, perform these duties as follows:

> "Loading Johnson Controls field and network level controller software,
> Performing commissioning and system diagnostics for all levels of system
> controllers as well as end devices (i.e. Sensors, actuators, etc.) and
> complete all required commissioning documentation, Calibrates systems
> requiring basic electronic test equipment"

7.      Beginning in 2011 and lasting through present date, Plaintiff was frequently
dispatched by the Defendant to Massachusetts prevailing wage sites to perform HVAC technician
services.  These prevailing wage sites included, but were not limited to, UMASS Amherst,
Springfield Community College, and Greenfield Community College.

8.      At each of these sites, Plaintiff performed work as an HVAC Technician that
included, without limitation, replacing and repairing HVAC components, installing,
troubleshooting, and updating HVAC software, testing and repairing HVAC systems, wiring and
programming new HVAC system valves, switches, sensors, actuators, fans, coolers, and
controllers.

9.      Plaintiff is a non-union employee.

10.     At all times relevant, the Defendant paid Plaintiff hourly wage rates ranging from
$39.50 to $46.63, and less.

11.     At all times relevant, state prevailing wage rates at the sites Plaintiff performed
HVAC Technician work as an employee of the Defendant ranged from $64.56 to $72.31, or more.
Plaintiff was rarely, if ever, paid this prevailing wage rate by the Defendant between 2011 and
present date.

12.     During the approximate time period of the statute of limitations set forth in M.G.L.
c. 149, §26-27, Plaintiff worked in excess of **5,000** hours on prevailing wage sites for which he
was rarely, if ever, paid appropriate prevailing wages.

13.     Defendant failed to pay the Plaintiff more than **$134,000** in prevailing wages during

this period alone.

14.     In September of 2021, Plaintiff complained to his manager about the Defendant's failure to properly pay him prevailing wages as required by M.G.L. c. 149, §26-27.

15.     At first, the Defendant delayed their response to Plaintiff's prevailing wage complaint.  After multiple follow up complaints directly to the Defendant's prevailing wage department, the Defendant finally began paying the Plaintiff prevailing wages in late 2021 and early 2022.  Shortly thereafter, however, the Defendant stopped properly paying the Plaintiff prevailing wages without explanation.

16.     Despite numerous requests and follow up, the Defendant has not paid the Plaintiff the prevailing wages he is owed as described herein.

17.     As required by M.G.L. c. 149, §27, Plaintiff filed a complaint with the Fair Labor Division of the Massachusetts Attorney General's Office. On January 25, 2022, Plaintiff received correspondence from the Attorney General's Office granting him the right to pursue a private right of action.

18.     On at least two occasions, the Massachusetts Executive Office of Labor and Workforce Development, Division of Occupational Safety (DOS), has issued advisory letters clearly indicating that the work Plaintiff performed as an HVAC Technician is subject to the Massachusetts prevailing wage law. These advisory letters are attached to this Complaint as Exhibit A and Exhibit B and are fully incorporated herein by reference.

19.     As the state agency charged with administering and interpreting Massachusetts' prevailing wage law, this Court gives deference to the Executive Office of Labor and Workforce Development in its interpretation of the prevailing wage statute.  *Niles v. Huntington Controls, Inc.,* 92 Mass. App. Ct. 15, 21 (2017).

<u>The Plaintiff's Statute of Limitations was Tolled for all Counts</u>

20.     On May 26, the Supreme Judicial Court entered the Second Updated Order Regarding Court Operations Under the Exigent Circumstances Created by the COVID-19 (Coronavirus) Pandemic and tolled all civil statutes of limitations from March 17, 2020, through June 30, 2020.

21.     On June 24, 2020, 31, the Supreme Judicial Court entered the Third Updated Order Regarding Court Operations Under the Exigent Circumstances Created by the COVID-19 (Coronavirus) Pandemic and provided instructions on the method to calculate new statute of limitation expiration dates for civil claims: "[t]he new date for the expiration of a statute of limitation is calculated as follows: determine how many days remained as of March 17, 2020, until the statute of limitation would have expired, and that same number of days will remain as of July 1, 2020 in civil cases[.]"

22.     On September 3, 2021, the Supreme Judicial Court confirmed that this order tolling civil statutes of limitations applied to "all causes of action for which the relevant limitations period ran for some period between, or through, those dates." *Shaw's Supermarkets, Inc. v. Melendez*, 488 Mass. 338, 362-63 (2021).

23.     As a result of these tolling orders, Plaintiff's G.L. c. 149, §27 statute of limitations concerning the Defendant's prevailing wage violations goes back more than three years from the date of filing of Plaintiff's Complaint.  Claims accruing more than three years ago are still actionable.

24.     Likewise, as a result of these tolling orders, Plaintiff's contract based claims concerning the Defendant's prevailing wage violations go back more than six years from the date

of filing.  Contract claims accruing more than six years ago are still actionable.

## COUNTS

### COUNT I - UNPAID PREVAILING WAGES
### M.G.L. c. 149 § 27

25. Plaintiff restates and realleges the statements in Paragraphs 1-24 as if fully set forth herein.

26. The prevailing wage rates at the sites Plaintiff worked at from 2018 to present date ranged from ranged from $64.56 to $72.31, or more.

27. Defendant failed to pay said rate of prevailing wages and, instead, paid Plaintiff wage rates ranging from $39.50 to $46.63, or less.

28. Plaintiff worked more than 5,000 hours on prevailing wage sites during this period of time for which he was not paid prevailing wages

29. The Defendant's failure to pay Plaintiff prevailing wages caused him to forego in excess of **$134,000** in unpaid prevailing wages to which he was lawfully entitled.

30. Plaintiff filed a complaint with the Attorney General's Office concerning his unpaid prevailing wages.  On January 25, 2022, Plaintiff received correspondence from the Attorney General's Office granting him the right to pursue a private right of action.

31. Accordingly, pursuant to M.G.L. c. 149, §27, Plaintiff brings suit for damages and unpaid prevailing wages, including mandatory treble damages, interest, attorneys' fees, and costs.

32. Plaintiff's trebled damages exceed $**400,000.**

### COUNT II – BREACH OF CONTRACT & IMPLIED COVENANT OF
### GOOD FAITH AND FAIR DEALING

33. Plaintiff repeats and realleges paragraphs 1-32 as if fully set forth herein.

34. Defendant entered into an employment relationship with the Plaintiff.

35. Even at will, the employment relationship in Massachusetts is contractual in nature.

36. Defendant breached that contractual relationship when they failed to pay Plaintiff Prevailing wages, and likewise breached the implied covenant of good faith and fair dealing.

37. Defendant's repeated breach of contract, and their repeated breach of the implied covenant of good faith and fair dealing, caused great financial harm to the Plaintiff.

## COUNT III – UNJUST ENRICHMENT

38. Plaintiff repeats and realleges each allegation set forth in paragraphs 1-37 as if fully set forth herein.

39. Plaintiff provided labor to the Defendant from which it derived a measurable benefit.

40. Defendant benefitted from Plaintiff's labor and, with each failure to pay prevailing wages, failed to pay the Plaintiff amounts he was then owed.

41. Defendant accepted the benefit of the Plaintiff's labor and yet failed to pay him as law required as was his expectation.

42. Defendant has been unjustly enriched for every hour that they failed to pay Plaintiff prevailing wages and have, to date, retained the benefit of that enrichment and, as set forth above, that enrichment was unjust and came at the expense of Plaintiff.

43. Defendant has therefore been unjustly enriched at the expense of Plaintiff and said unjust enrichment has caused Plaintiff damages.

## JURY DEMAND

Plaintiff demands trial by jury on all claims so triable to fullest extent allowed by law.

## **PRAYER FOR RELIEF**

WHEREFORE,

Plaintiffs request that this honorable court:

1. Award damages incurred for any lost prevailing wages and other benefits;

2. Award treble damages, as liquidated damages, pursuant to M.G.L. c. 149 §27 for all unpaid prevailing wages,

3. Award compensatory damages in the greatest amount supported by the law, the evidence, and the Court's subject matter jurisdiction;

4. Award special, punitive or exemplary damages to the fullest extent allowed by law;

5. Award interest, costs and attorneys' fees; and

6. Such additional relief as is fair and just.

Respectfully Submitted,

PLAINTIFF

James Vasalofsky

By his attorney:

_____

Michael R. Harriman, BBO No. 680061
Harriman Law
One Beacon Street, 15th Floor
Boston, MA 02108
617-482-1723
mharriman@harriman-law.com

Dated:  May 3, 2022

# EXHIBIT

# A



THE COMMONWEALTH OF MASSACHUSETTS
EXECUTIVE OFFICE OF LABOR AND WORKFORCE DEVELOPMENT
**DIVISION OF OCCUPATIONAL SAFETY**
www.mass.gov/dos

**SUZANNE M. BUMP**
Secretary of Labor and Workforce Development
**GEORGE NOEL**
Director of Labor
**LAURA M. MARLIN**
Commissioner of Division of Occupational Safety

**DEVAL L. PATRICK**
Governor
**TIMOTHY P. MURRAY**
Lieutenant Governor

June 11, 2008

Barry A. Guryan, Esq.
Epstein, Becker & Green, P.C.
250 Park Avenue
New York, NY  10177-1211

Dear Mr. Guryan:

I am writing in response to your request, on behalf of your client, Trane, Inc. (Trane), for this Office's written opinion regarding the applicability of the Massachusetts Prevailing Wage Law, G.L. c. 149, §§26-27.  Specifically, you have asked if the prevailing wage law applies to work performed by Trane Building Automation Service Technicians (or "Control Technicians") on a public works project.

Your letters of October 26 and December 4, 2007, and an interim response from the MA Attorney General's Office dated November 21, 2007, reference a specific project, namely construction work at the Medford High School.  We were not provided with detailed information about tasks specific to this project; however, the issues you raise regarding HVAC commissioning/re-commissioning work, and other work included in the Controls Technicians' job description provided to this Office, are issues applicable to many projects involving HVAC work.  This agency will take this opportunity to clarify what work is covered under the state prevailing wage law, using the position description you provided as an example.

The Massachusetts prevailing wage law applies to the construction of public works by the commonwealth, or by a county, town, authority or district.  G.L. c. 149, §§26, 27.  The term "construction" is defined, in pertinent part, as "additions to and alterations of public works."  G.L. c. 149, §27D.  When public awarding authorities contract for construction work, within the meaning of the statute, the Division of Occupational Safety (DOS) sets prevailing wage rates for these projects based on "collective agreements or understandings in the private construction industry between organized labor and employers."  G.L. c. 149, §26.  DOS also looks to these agreements and understandings to determine the appropriate job classifications under the prevailing wage law.

As stated earlier, you have provided DOS with a copy of the job description for Trane Control Technicians.  (See Attachment A)  This agency was previously provided a similar position description for the same job title and job code, in a letter from a Trane attorney, dated August 9, 2005.  However, the two job descriptions list somewhat different "essential functions and responsibilities."  At that time, this agency responded, in pertinent part, as follows:

> As is the case with most position descriptions, the duties listed vary in both the level of detail and the type of activity.  The position description you provided includes duties that are clearly not prevailing wage work such as "provides sales leads to appropriate personnel," or "maintaining files."  However, there are other duties listed such as "[r]esponsible for end-to-end testing, downloading programming, starting up, and commissioning on assigned projects" which may include work subject to the prevailing wage law.  As is always the case, it is necessary to evaluate the particular tasks performed on a specific work site.

DOS Opinion Letter to Gillespie, dated August 24, 2005.[1]

As was the case earlier, some of those duties listed in the position description provided with your October 26, 2007 letter do not entail prevailing wage work, e.g. maintaining inventory, customer contacts, communications with Trane account management staff.  Additionally, any listed work that is performed off-site, such as training sessions at factory locations and off-site computer work, would not be covered by the prevailing wage law.  However, the position description also includes work that would require the payment of prevailing wage.

The job description summary states that the Controls Technician is "[r]esponsible for the re-commissioning, diagnosis, *repair and modification of environmental-control systems*, utilizing knowledge of electronics, direct digital control, HVAC theory, and control applications" (emphasis added).  Clearly, the job summary includes "additions to and alterations" of the HVAC system, which constitute "construction," within the meaning of the statute.  Additionally, several of the delineated "essential functions and responsibilities" (EF&R) include such tasks.  Examples include:  "component part replacements" (EF&R #2), and "on-site repairs" (EF&R #5).

To address the subject of commissioning, or re-commissioning, an overview of what is entailed in such processes may be helpful.  As we understand it, after a new system has been installed, or an existing system is replaced in whole or in part, the system must undergo testing, adjusting and balancing (TAB), and commissioning (in the case of a new system) or re-commissioning (in the

---

[1] Your letter of December 4, 2007, states that DOS advised Trane in the letter to Ms. Gillespie, dated August 24, 2005, that agency "opinions can not be issued until a work site inspection has been performed." To clarify, DOS' letter stated that "it is necessary to evaluate the particular tasks performed on a specific work site;" this may or may not involve a physical inspection of the site.

case of a replacement project).[2]  The TAB contractor and the commissioning provider are typically separate entities, but this need not be the case.[3]  In simple terms, TAB procedures measure air and water flow to determine appropriate distribution of each; commissioning is the final testing process that verifies proper operation among system components.  The important point seems to be that installation or replacement of a system involves much more than simply installing a "system" and cleaning up.  Such construction work is incomplete unless the owner has the assurance that the system purchased actually works as designed, and this assurance is provided by both the TAB and commissioning processes.  Therefore, this agency will consider installation/replacement, TAB, and re-commissioning and commissioning of an HVAC system to be all part of the same "construction" work within the meaning of the statute.

One additional step is necessary in order to establish rates for this work.  As stated earlier, DOS sets prevailing wage rates for these projects based on "collective agreements or understandings in the private construction industry between organized labor and employers."  G.L. c. 149, §26.  DOS also looks to these agreements and understandings to determine the appropriate job classifications under the prevailing wage law.  In this instance, the collective bargaining agreements with the pipefitters' union cover the commissioning of HVAC systems as described.  Union pipefitters perform HVAC commissioning on job sites in Massachusetts, and are trained in commissioning processes through their apprentice training program.[4]  Therefore, the proper job classification for commissioning work is *Pipefitter* or *HVAC Mechanic*, which are the same pay rate.

I hope this information has been helpful.  If you have any further questions, please feel free to contact me.

Sincerely,

Lisa C. Price
Deputy General Counsel

cc:     Laura M. Marlin, Commissioner, DOS
        Kathryn B. Palmer, General Counsel, DOS
        Joanne Goldstein, Division Chief, Office of the Attorney General, Fair
            Labor Division
        Kate J. Fitzpatrick, Esq.

---

[2] For a helpful overview to HVAC Commissioning see Rebecca Thatcher Ellis, P.E.'s article, "Balancing and Commissioning," TAB Journal, Winter 2003.

[3] Hereafter, we will use the term "commissioning;" however, the analysis is the same for re-commissioning.  We see no reason to distinguish the terms for purposes of the prevailing wage law.

[4] Cf. DOS Opinion Letter, dated February 12, 2008, where DOS was provided with no information about contracts where union electricians performed fire alarm commissioning work.

# EXHIBIT

# B



THE COMMONWEALTH OF MASSACHUSETTS
EXECUTIVE OFFICE OF LABOR AND WORKFORCE DEVELOPMENT
**DIVISION OF OCCUPATIONAL SAFETY**
www.mass.gov/dos

**SUZANNE M. BUMP**
Secretary of Labor and Workforce Development

**DEVAL L. PATRICK**
Governor

**GEORGE NOEL**
Director of Labor

**TIMOTHY P. MURRAY**
Lieutenant Governor

**LAURA M. MARLIN**
Commissioner of Division of Occupational Safety

August 18, 2009

Dale Schneider
Kolberg & Schneider
77 Franklin Street
Boston, MA 02110

RE: <u>Request Regarding Applicability of the Massachusetts Prevailing Wage Law to DDC Technicians Employed by Yankee Technology, Inc.</u>

Dear Attorney Schneider:

I am writing in response to your request, on behalf of your client, Yankee Technology, Inc. (Yankee Technology), for this Office's written opinion regarding the applicability of the Massachusetts Prevailing Wage Law, G.L. c. 149, §§26-27. Specifically, you have asked if the prevailing wage law applies to work performed by DDC Technicians employed by Yankee Technology on public works project(s).

Your letter dated June 25, 2009 references at length this office's determination in connection with similar work performed by Building Automation Service Technicians (or "Control Technicians") employed by Trane, Inc. (Letter to Guryan, 6/11/08). While you have not provided specific information about a particular public works project on which Yankee Technology's DDC Technicians are employed, you have provided a job description and, in your letter, have pointed to perceived distinctions between the DDC Technicians employed by your clients and the Control Technician at issue in the Trane letter.

The Massachusetts prevailing wage law applies to the construction of public works by the commonwealth, or by a county, town, authority or district. G.L. c. 149, §§26, 27. The term "construction" is defined, in pertinent part, as "additions to and alterations of public works." G.L. c. 149, §27D. When public awarding authorities contract for construction work, within the meaning of the statute, the Division of Occupational Safety (DOS) sets prevailing wage rates for these projects based on "collective agreements or understandings in the private construction industry between organized labor and employers." G.L. c. 149, §26.

---

19 Staniford Street ● CF Hurley Building ● 2nd Floor ● Boston, Massachusetts 02114 ● Tel: 617-626-6975 ● Fax: 617-626-6966

Dale Schneider
August 18, 2009
Page 2

DOS also looks to these agreements and understandings to determine the appropriate job classifications under the prevailing wage law.

The work in question, as described in your letter and in the job description attached to your letter, involved the programming and downloading of software and installation and commissioning of electronic direct digital controls (DDC) for HVAC systems in buildings. There is no question that the installation of HVAC systems, including commissioning and re-commissioning and testing and balancing of the HVAC system is "construction" within the meaning of the statute and covered by the provisions of G.L. c. 149, §§ 26, 27. As this office pointed out in its June 11, 2008 letter regarding Control Technicians

> installation or replacement of a system involves much more than simply installing a "system" and cleaning up. Such construction work is incomplete unless the owner has the assurance that the system purchased actually works as designed, and this assurance is provided by both the TAB and commissioning processes. (Letter to Guryan, 6/11/08).

With the exception of computer programming work performed off-site, we discern no significant difference between the work described in your letter and attached job description and the work at issue in the June 11, 2008 letter, in which this office determined that the work was covered by the prevailing wage law. In both scenarios, technicians use computer software to complete the final phase in the installation or replacement of an HVAC system, including commissioning, and both are specially trained in proprietary software specific to the controls for that system. In both scenarios, the work performed by the technician is essential to the proper functioning of the HVAC system as a whole.

The distinction you appear to make in your letter relates to whether the employees who have been specifically trained on the proprietary software and hardware installed by Yankee Technology's DDC Technicians are union members. This distinction is irrelevant in the present analysis. Instead, the relevant question is whether the work performed on the job site falls within the scope of work that is covered by a collective bargaining agreement. This office has determined that the work of commissioning and testing and balancing of HVAC systems, including the work performed by DDC Technicians as described in your letter, is covered by a collective bargaining agreement. The proper classification is either *Pipefitter* or *HVAC mechanic*, which are the same rate of pay.

Dale Schneider
August 18, 2009
Page 3

I hope this information is helpful.  If you have any further questions, please feel free to contact me.

Sincerely,

Laura M. Marlin
Commissioner

cc:    Jocelyn Jones, Deputy Chief, Fair Labor Division, AGO



# EXHIBIT B

**Summons**

The Commonwealth of Massachusetts

2277CV00412

**The Superior Court**

CASE NAME:

James Vasalofsky

Plaintiff(s)

VS.

Johnson Controls, Inc.

Defendant(s)

Thomas H. Driscoll, Jr.          Clerk of Courts

Essex                            County

COURT NAME & ADDRESS:

Essex Superior Court

THIS SUMMONS IS DIRECTED TO _Johnson Controls, Inc._ (Defendant's name)

You are being sued. The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the   Essex  Superior          Court.

**YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.**

If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.**

To respond to this lawsuit, you must file a written to response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

       a) Filing your **signed original** response with the Clerk's Office for Civil Business,   Essex Superior          Court

                                      (address), by mail or in person **AND**

       b) Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address:

3. **What to Include in Your Response.**

An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your court no more than 10 days after sending your Answer.

3 (cont). You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12**. If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at:

www.mass.gov/courts/case-legal-res/rules_of_court

4. **Legal Assistance.**
You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5. **Required Information on All Filings:**
The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. ___Heidi E. Brieger___ , Chief Justice on ___June   8___ , 20 _22_ . (Seal)

Clerk-Magistrate ___Thomas H. Driscoll, Jr.___

**Note:** The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify that on ___6/8/22___ . I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4(d)(1-5)):

By Certified Mail, Return Receipt Requested To:
Johnson Controls, Inc. 8757 N. Green Bay Ave,
Milwaukee, WI. CC: CT Corporation System, 301 Bedford
ST., Suite 1, Madison WI, 53703 (Resident Agent),

Dated: ___6/8/22___         Signature: _____

**N.B.   TO PROCESS SERVER:**

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

Date: ___6/8/22___



# EXHIBIT C

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

JAMES VASALOFSKY

Plaintiff,

v.                                          C.A. No. _____

JOHNSON CONTROLS, INC.

Defendant.

### DECLARATION OF TAMMARA LOVETT IN SUPPORT OF REMOVAL

I, Tammara Lovett, hereby state as follows:

1.      I am over the age of eighteen, competent to make the statements below, and have personal knowledge of the information described below.

2.      I am employed by Johnson Controls, Inc. ("JCI" or the "Company") as Vice President, Labor & Employment Law in Johnson's Legal Department.

3.      JCI is incorporated in the State of Wisconsin and its principal place of business is in Milwaukee, Wisconsin.

4.      I have given this affidavit freely and voluntarily, and the statements made by me in this affidavit are true to the best of my personal knowledge.

I hereby declare under penalty of perjury that the foregoing statements are true and correct. Executed on this 21st day of June, 2022.

51617924.v1-OGLETREE