UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES VASALOFSKY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JOHNSON CONTROLS, INC., )<br>)<br>Defendant. )<br>) | Case No. 22-cv-11021 |

**MEMORANDUM AND ORDER**

**CASPER, J.**                                                                                    **October 18, 2022**

## I.     Introduction

Plaintiff James Vasalofsky ("Vasalofsky") has filed this lawsuit for unpaid wages in violation of the Prevailing Wage Act ("PWA"), Mass. Gen. L. c. 149, § 27, against Defendant Johnson Controls, Inc. ("JCI").  D. 1-3.  Before the Court is Defendant's partial motion to dismiss. D. 7.  For the reasons set forth below, the Court ALLOWS the motion in part and DENIES it in part.

## II.    Standard of Review

A defendant may move to dismiss for a plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  To withstand a Rule 12(b)(6) challenge, the Court must determine if the complaint "plausibly narrate[s] a claim for relief." Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012) (citing Ocasio-Hernandez v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011)).  Reading the complaint "as a whole," the Court must conduct a two-step, context-specific inquiry.  García-Catalán v. United States, 734

F.3d 100, 103 (1st Cir. 2013) (citation omitted).  First, the Court must perform a close reading of the claim to distinguish the factual allegations from the conclusory legal allegations contained therein.  Id. (citing Morales-Cruz v. Univ. of P.R., 676 F.3d 220, 224 (1st Cir. 2012)).  Factual allegations must be accepted as true, while conclusory legal conclusions are not entitled credit.  Id. (citing Morales-Cruz, 676 F.3d at 224).  Second, the Court must determine whether the factual allegations present a "reasonable inference that the defendant is liable for the misconduct alleged."  Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  In sum, the complaint must provide sufficient factual allegations for the Court to find the claim "plausible on its face."  García-Catalán, 734 F.3d at 103 (quoting Iqbal, 556 U.S. at 678).

### III. Factual and Procedural Background

The following facts are drawn from Plaintiff's complaint, D. 1-3, and are accepted as true for the consideration of the pending motion to dismiss.

Starting in November 2011, Vasalofsky began working for JCI as a non-union HVAC Technician.  D. 1-3 ¶¶ 3–4, 9.  Throughout the course of his employment, JCI sent Vasalofsky to prevailing wage sites, such as UMass Amherst, Springfield Community College, and Greenfield Community College, to perform HVAC technician services.  Id. ¶ 7.  While Vasalofsky was paid hourly wage rates ranging from $39.50 to $46.63, "and less," the state prevailing wages at those sites ranged from $64.56 to $72.31, "or more."  Id. ¶¶ 10–11.  Between November 2011 and the present date, JCI "rarely, if ever" paid Vasalofsky the prevailing wage rate.  Id. ¶ 11.  During "the approximate time period of the statute of limitations set forth in Mass. Gen. L. c. 149, § 26–27," Vasalofsky alleges that he worked in excess of 5,000 hours on prevailing wage sites for which he

2

was "rarely, if ever" paid the requisite prevailing wages, which amounts to "more than $134,000." Id. ¶¶ 12–13.

Vasalofsky eventually complained to his manager in September 2021 about JCI's failure to pay prevailing wages to him. Id. ¶ 14. After a delay on JCI's part and multiple follow-up complaints on Vasalofsky's part, JCI began paying him the appropriate prevailing wages from late 2021 until early 2022. Id. ¶ 15. Soon thereafter, JCI stopped paying Vasalofsky the prevailing wage rates without explanation, despite his numerous subsequent requests and follow-ups. Id. ¶¶ 15–16. Following the procedure outlined in Mass. Gen. L. c. 149, § 27, Vasalofsky filed a complaint with the Fair Labor Division of the Massachusetts Attorney General's Office, which granted him the right to pursue a private right of action on January 25, 2022. Id. ¶ 17.

## IV. Procedural History

On May 3, 2022, Vasalofsky instituted this action in state court, D. 1-3, which JCI removed to this Court. D. 1. In the complaint, Vasalofsky alleges unpaid prevailing wages (Count I), breach of contract and implied covenant of good faith and fair dealing (Count II), and unjust enrichment (Count III). D. 1-3. After the filing of the pending motion to dismiss, the parties stipulated to the dismissal of Counts II and III. D. 10.

## V. Discussion

All that remains for the Court's consideration is a partial motion to dismiss Count I pursuant to Fed. R. Civ. P. 12(b)(6) "to the extent [Vasalofsky] seek[s] to expand recovery beyond the statutory limitations period." D. 8 at 6. That is, JCI takes the position that although the Supreme Judicial Court entered an order tolling all civil statutes of limitation for a time during the pandemic, that order tolled the time to "*file* a claim," but "[did] not expand the amount of time in which [Vasalofsky] can recover damages." D. 8 at 6-7 (citing Shaw's Supermarkets Inc. v.

3

Melendez, 488 Mass. 338 (2021)). This position, however, is not a reasonable interpretation of the SJC Order, Shaw's and/or the PWA that governs Vasalofsky's claim here.

Claims under the PWA are subjected to a three-year statute of limitations. Mass. Gen. L. c. 149, § 27; Donis v. Am. Waste Servs., LLC, 485 Mass. 257, 263 (2020). That three-year period is measured as "within 3 years after the violation." Mass. Gen. L. c. 149, § 27. In a series of orders, however, the Supreme Judicial Court tolled "[a]ll civil statutes of limitations . . . from March 17, 2020, through June 30, 2020," due to the COVID-19 pandemic. Supreme Judicial Court, Third Updated Order Regarding Court Operations Under the Exigent Circumstances Created by the COVID-19 (Coronavirus) Pandemic, No. OE-144, at 5 (June 24, 2020) ("SJC Order"). The PWA is a civil statute to which the SJC Order applies. The SJC Order further clarified the method of calculating the applicable statute of limitations: "[t]he new date for the expiration of a statute of limitation is calculated as follows: determine how many days remained as of March 17, 2020, until the statute of limitation would have expired, and that same number of days will remain as of July 1, 2020 in civil cases." Id. The time period between March 17, 2020 and June 30, 2020, inclusive of both the start and end dates, amounts to 106 days. In Shaw's, 488 Mass. at 345, the Supreme Judicial Court further explained that the SJC Order applied to "all causes of action for which the relevant limitations period ran for some period between, or through, those dates."

Neither the SJC Order nor Shaw's makes a distinction between the tolling of an applicable statute of limitations and the period of time in which a plaintiff could recover damages. Such a distinction would not make sense, particularly in the context of a claim brought under the PWA. See Bower v. Cycle Gear, Inc., No. 14-cv-02712-HSG, 2015 WL 2198461, at *2 (N.D. Cal. May 11, 2015) (noting that "[b]y definition, there is no reason to seek tolling of the statute of limitations

4

unless *not* tolling would result in some plaintiffs losing out on their ability to recover damages") (emphasis in original); cf. Vancour v. Town of Tisbury, No. 1674CV00034, 2018 WL 6424798, at *3 (Mass. Super. Ct. Oct. 19, 2018) (concluding "Plaintiff is barred, as a result, from recovering damages" on alleged violations of misclassification as an independent contractor and unpaid overtime wages that occurred outside the applicable three-year statute of limitations because he could not demonstrate tolling was warranted). The PWA provides that an employee who brings a timely claim and "who prevails in such an action shall be awarded treble damages, as liquidated damages, for any lost wages and other benefits and shall also be awarded the costs of the litigation and reasonable attorneys' fees." Mass. Gen. L. c. 149, § 27. Given this statutory scheme and the SJC Order, Vasalofsky can recover damages for the "three years after the [PWA] violation" and 106 days in which that statute of limitations was tolled.

In his complaint, Vasalofsky notes that the prevailing wage rates at his work sites "from 2018 to present date" ranged from $64.56 to $72.31. D. 1-3 ¶ 26. To the extent that Vasalofsky is claiming damages for PWA violations as far back at January 1, 2018, even with the tolling of the 106-day period from March 17, 2020 to June 30, 2020, the PWA would not reach back as far as 2018. Since it is not clear from the complaint when Vasalofsky alleges the PWA violations began, the Court will look back from the filing of the complaint here on May 3, 2022 and assume *arguendo* that the complaint was filed within three years of the PWA violation and, therefore, his claims reach back until May 3, 2019. Even with the addition of 106 days, pursuant to the SJC Order, that still means that Vasalofsky's PWA claims would only reach back to January 17, 2019. That is, to the extent that Vasalofsky was seeking unpaid prevailing wages for some period in 2018, those claims would remain time-barred.

## VI.     Conclusion

For the foregoing reasons, to the extent the complaint claims a right to recover damages for unpaid prevailing wages in 2018, the Court ALLOWS JCI's motion to dismiss, D. 7. Further, to the extent the JCI argues that Vasalofsky cannot recover damages for unpaid prevailing wages for January 17, 2019 forward, the Court DENIES JCI's motion to dismiss, D. 7.

**So Ordered.**

/s/ Denise J. Casper
United States District Judge